Porter *v.* Kimball.

## PORTER *v.* KIMBALL.

The general issue cannot be pleaded in a cause in the county court, or in the circuit court, under the act to regulate and define the jurisdiction of the circuit and county courts, Sess. L. 1848, p. 236. The pleadings in both courts must conform to the provisions of ch. 92, R. S.

A plea within the meaning of sec. 17, ch. 92, R. S., is simply a statement of the grounds of defence, without regard to the form of stating them; and yet they should be stated with such certainty as to enable the opposite party to understand definitely upon what the defendant relies as his defence.

CASE reserved from Lenawee Circuit Court.

*Tiffany,* for plaintiff.

*Beaman and Cooley,* for defendant.

*By the court,* WING, J.    This is a motion made to set aside a default entered in the circuit court for the county of Lenawee, and the questions arising upon the motion were reserved by the circuit judge for the opinion of this court thereon.

The motion is made under the provisions of rule 6 of additional rules for the circuit courts, adopted May 4, 1848.   The rule is as follows: "The defendant's default being duly entered, the plaintiff shall not be bound afterwards to accept a plea unless the defendant, as soon as he shall know that a default has been entered, shall plead issuably: which plea shall be in the manner, and verified by affidavit, according to the provisions of chapter 92 of the Revised Statutes of 1846."

This rule appeared to be necessary, and was adopted in reference to the fifth section of an act to regulate and define the jurisdiction of the circuit and county courts, approved April 3, 1848, Sess. L. 1848, p. 263.    By this law it was enacted, in substance, that where in civil actions the plaintiff's demand was such that he could do so, he might, at his election, commence suit in the circuit court: but if he did so, his suit should be commenced and prosecuted in the same manner, and all the proceedings should be the same, as if it had been commenced and prosecuted in the county court, so far as the same shall be practicable.

The validity of the rule is not called in question.   It will be conceded that it is practicable for a defendant to plead, so far as concerns the form, in the manner designated by the seventeenth section of chapter 92.   In this case, defendant made default in pleading.   The statute did not provide for such a case, and the rule was intended to provide for the difficulty, and the question raised, is, whether the plea, in form and substance, conforms to the requirements of the rule and the law.   The Revised Statutes of 1846, chapter 99, section 22, enacted that no special plea in bar should be pleaded in any civil action hereafter to be commenced; but all matters of defence to any such action, might be given in evidence under the general issue.   The defendant appears to have intended to frame his plea and notice under this provision of the Revised Statutes, since he has plead the general issue and set out his grounds of defence in a notice, to which is added an affidavit.   In this I think he has misapprehended the effect of the law of 1848, by which the section last cited is in effect modified, if not repealed.   The defend-

ant appears to have considered the rule as pointing to an issuable plea as understood at the common law; and, as by section 22 of chapter 99, he was prohibited from pleading specially, and was only permitted to plead the general issue with notice, he adopted that form of pleading to satisfy the rule. But looking at the act of 1848, and considering its object and intent, I am satisfied the plea should have been made in conformity to the seventeenth section of chapter 92. It would then have been an issuable plea, as distinguished from the pleas authorized to be plead by section 19 of the same chapter, which, under the rule, could not have been plead after default. If I am correct in this view, the general issue cannot be plead in a cause in the county court, or in the circuit court, since the passage of the law of 1848; but the pleadings must conform to the provisions of chapter 92.

A plea, within the meaning of section 17, can have but little of the form of a plea at common law. The statute substantially prohibits the use of such a form, because a plea could not formerly be made in the form of an affidavit. The word plea, as here used, has not a technical signification—it means simply the statement of the grounds of defence, without any regard to the form of stating them, and yet, as to the matters of substance set forth in the plea, they should be stated with such certainty as to enable the opposite party to understand definitely upon what the defendant relies as a defence to the action.

The defendant is to be sworn to state his defence *truly*, and then to state the nature and ground of his defence, and submit to an examination touching the same. And if, under the proviso to this section, his plea is put in by an attorney, the plea or affidavit must specifically set forth the nature and grounds of his defence, and the other matters referred to in the section.

The plea, in the present case, is put in by the attorneys of the defendant. It is not in the usual form of an affidavit, but this, perhaps, would not be objectionable, if it contained a specific statement of the facts. It does not purport to state facts, to the truth of which the attorney swears either directly or indirectly. It commences with a statement that the defendant will give in evidence, and insist upon as a defence, that the note mentioned and set forth in the plaintiff's declaration is not owned or lawfully held by the said plaintiff, but that the same is now owned by the firm of Porter & Ballard, mentioned in said decla-

Porter *v.* Kimball.

ration, or by Giles W. Porter, or by some other person than the said plaintiff as assignee of said firm.   Here is no fact asserted: the defendant says he will give in evidence, &c.—the whole statement in the notice is prefaced by this statement.   He will prove it if he can—but he does not assert that it is so.   It is not a simple direct relation of facts— it is very uncertain.

The notice applies to the time of filing the notice, and not to the time when the suit was commenced.   It does not admit or deny the endorsement of the note; but says if it was endorsed, it was endorsed after it became due.   It states that there has been a partial failure of consideration, occasioned in part by one thing, and in part by another; but not how much by each or either.   After making other general statements, it states the amount of the partial failure was about seventy dollars, and he puts the plaintiff upon proof of the endorsement of the note.   The notice is concluded as follows: " all of which *facts* stated in the notice are true, as the said defendant believes."   Consistent with this affidavit, there might not be a single *fact* stated in the notice. Many of the matters are stated alternatively, and these statements are inconsistent with each other.   If all are *facts*, it is manifest they cannot be true: and if all are not true, which are facts?   I think the notice cannot be sustained as a plea, within the meaning of section 17, chapter 92, or rule 6, above cited, and, therefore, that the motion should not prevail.

Let it be certified to the circuit court for the county of Lenawee, that it is the opinion of this court that the motion should be denied.

*Certified accordingly.*